IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT, <br><br> *Plaintiff*, <br><br> v. <br><br> U.S. AGENCY FOR INTERNATIONAL DEVELOPMENT et al., <br><br> *Defendants.* | Case No. 25-cv-719-TSC |

**PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**

Pursuant to Federal Rule of Civil Procedure 65, Plaintiff American Oversight respectfully moves this Court for a temporary restraining order directing Defendants United States Agency for International Development ("USAID") and Marco Rubio, in his official capacity as Acting Administrator of USAID to immediately desist from unlawfully destroying federal records in violation of the Federal Records Act ("FRA"), 44 U.S.C. § 3314, and in particular, the immediate cessation of shredding, burning, or otherwise destroying records at USAID, including electronic communications, pending resolution of this lawsuit. Furthermore, American Oversight moves for a temporary restraining order directing USAID to provide American Oversight, by no later than March 17, 2025, at 12 p.m., with a copy of any existing USAID's recordkeeping and FOIA processing policies, guidance, and related directives, which are not available on the agency's public website, in violation of the Freedom of Information Act ("FOIA"). 5 U.S.C. § 552(a)(2). Any such existing policies are critical to American Oversight's—and the public's—understanding of how USAID is expected to operate and fulfill its obligations under the FRA and FOIA in light of an unprecedented dismantling of the agency's infrastructure.

1

This is a matter of extreme public urgency. On March 11, 2025, reporting indicated that USAID's Acting Executive Secretary Erica Y. Carr had ordered agency personnel to assist in shredding or burning classified and personnel documents.[1] Carr directed USAID employees by email to "assist[] in clearing our classified safes and personnel documents" beginning at 9:30 AM on March 11, and to "[s]hred as many documents first, and reserve the burn bags for when the shredder becomes unavailable or needs a break."[2] Over a month before this directive, American Oversight sent multiple FOIA requests relating to the Trump Administration's gutting of USAID and notified the agency and the Acting Archivist of the United States of potential unlawful removal or destruction of federal records, reminding them of their obligations under the FRA, 44 U.S.C. §§ 3101 *et seq.*, and requesting they preserve and recover records. Instead, USAID and its Acting Administrator ignored American Oversight's warning and allowed documents to be shredded and burned, while at the same time pulling from public view agency policies and directives related to recordkeeping that FOIA requires to be affirmatively posted online.

As detailed in its accompanying Memorandum in Support of Plaintiff's Motion for a Temporary Restraining Order, American Oversight's motion satisfies each of the elements for injunctive relief. First, American Oversight is likely to succeed on the merits, because the destruction of USAID records demonstrates that USAID and the USAID Acting Administrator both failed to stop the destruction of records, nor did they take action to preserve or recover

---

[1] Edward Wong, *U.S.A.I.D. Official Orders Employees to Shred or Burn Classified and Personnel Records*, N.Y. Times (March 11, 2025, 2:10 PM ET), https://www.nytimes.com/2025/03/11/us/politics/usaid-shred-burn-documents.html. *See also* Sara Cook (@saraecook), X (formerly Twitter) (Mar. 11, 2025, 12:50 PM), https://x.com/saraecook/status/1899503231765446853; Jesse Eisinger (@jeisinger.bsky.social), Bluesky (Mar. 11, 2025, 11:42 AM), https://bsky.app/profile/jeisinger.bsky.social/post/3lk4fse63ss2m.

[2] *See* Cook, supra n. 1; *see also* Wong, supra n. 1 (identifying agency official who sent directive).

records, despite American Oversight's warning of potential or actual FRA violations at USAID over a month ago. Additionally, USAID and Rubio failed to maintain recordkeeping policies on USAID's website in violation of FOIA. Second, further destruction of records by USAID will irreparably harm American Oversight and the public it seeks to serve, as these records cannot be recovered if they are fully and physically destroyed, and the public are harmed by lack of public information regarding recordkeeping policies that the agency is likely currently violating. Third, granting this relief will not burden others' interests, as USAID and the Acting Administrator cannot be harmed by an order to compel them to comply with their statutory obligations. And fourth, public interest in release of the requested records is significant, as upholding the FRA and FOIA both allow the public insight into the activities of their government—something that is of particular and momentous importance as the Trump Administration dismantles USAID.

Accordingly, American Oversight respectfully requests that this Court order Defendants USAID and Rubio to:

- Immediately desist from unlawfully destroying federal records, and in particular, the immediate cessation of shredding, burning, or otherwise destroying records at USAID, including electronic communications, pending resolution of this lawsuit.

- Provide American Oversight with a copy of any existing USAID's recordkeeping and FOIA processing policies, guidance, and related directives, which are not available on the agency's public website, by no later than March 17, 2025, at 12 p.m.

Pursuant to Local Rule 65.1(d), American Oversight asks that the Court schedule a hearing on this Motion at the Court's earliest convenience.

Pursuant to Local Civil Rule 65.1(a), at 3:30 p.m. on March 12, 2025, counsel for American Oversight made efforts to provide actual notice of its application for a temporary restraining order by furnishing via email this Motion, the Memorandum in Support of Plaintiff's Motion for a Temporary Restraining Order, and the Complaint for Declaratory and Injunctive Relief, as well as declarations and exhibits in support of those pleadings to: the Chief of the Civil Division for the United States Attorney's Office for the District of Columbia, two attorneys in the Federal Programs Branch of the Department of Justice listed as counsel for Defendants USAID and Rubio in other current litigation against USAID,[3] and the designated email address for the Acting Archivist of the United States. Plaintiff attached to that email electronic copies of the complaint, motion for temporary restraining order, and accompanying memorandum, declarations, and proposed order via e-mail before completing this electronic filing.

Dated: March 12, 2025                                             Respectfully submitted,

                                                                  /s/ Emma Lewis
                                                                  Emma Lewis
                                                                  D.C. Bar No. 144574
                                                                  Loree Stark
                                                                  D.C. Bar No. 90021926
                                                                  AMERICAN OVERSIGHT
                                                                  1030 15th Street NW, B255
                                                                  Washington, DC 20005
                                                                  (202) 919-6303
                                                                  emma.lewis@americanoversight.org

                                                                  *Counsel for Plaintiff*

---

[3] Those cases are *American Federation of Government Employees, et al. v. Trump, et al.*, 25-cv-00352 (D.D.C. filed Feb. 2, 2025), and *Aids Vaccine Advocacy Coalition v. United States Department of State, et al.*, 25-cv-00400 (D.D.C. filed Feb. 10, 2025).