**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AMERICAN OVERSIGHT, <br><br> *Plaintiff*, <br><br> v. <br><br> U.S. AGENCY FOR INTERNATIONAL DEVELOPMENT, et al. <br><br> *Defendants*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 25-cv-719-TSC |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION**
**FOR A TEMPORARY RESTRAINING ORDER**

## INTRODUCTION

Plaintiff American Oversight seeks a temporary restraining order pursuant to Rule 65 of the Federal Rules of Civil Procedure ordering the United States Agency for International Development ("USAID") to immediately halt the destruction of federal records, and directing USAID to provide American Oversight, by no later than March 17, 2025, at 12 p.m., with a copy of any existing USAID's recordkeeping and FOIA processing policies, guidance, and related directives.

Reporting from March 11, 2025 indicated that USAID's Acting Executive Secretary ordered agency personnel to assist in shredding or burning classified and personnel documents.[1] Over a month ago, American Oversight sent multiple FOIA requests relating to the Trump Administration's gutting of USAID, and notified the agency and the Acting Archivist of the United States of potential unlawful removal or destruction of federal records, reminding them of their obligations under the Federal Records Act ("FRA"), 44 U.S.C. §§ 3101 *et seq.*, and requesting that they preserve and recover records.

Instead, USAID and the Acting Archivist ignored American Oversight's request, permitted *further* destruction of records, and are now standing by as agency personnel are openly ordered to shred and burn documents. At the same time, USAID's web presence is all but defunct, and agency administrative manuals, policies, and directives—including policies relating to recordkeeping and processing of FOIA requests—that the Freedom of Information Act ("FOIA") requires to be affirmatively posted online are nowhere to be found.

---

[1] Edward Wong, *U.S.A.I.D. Official Orders Employees to Shred or Burn Classified and Personnel Records*, N.Y. TIMES (Mar. 11, 2025), https://www.nytimes.com/2025/03/11/us/politics/usaid-shred-burn-documents.html. *See also* Sara Cook (@saraecook), X (formerly TWITTER) (Mar. 11, 2025, 12:50 PM), https://x.com/saraecook/status/1899503231765446853; Jesse Eisinger (@jeisinger.bsky.social), BLUESKY (Mar. 11, 2025, 11:42 AM), https://bsky.app/profile/jeisinger.bsky.social/post/3lk4fse63ss2m.

1

USAID's ongoing destruction of records, failure to implement and maintain adequate recordkeeping policies, and failure to affirmatively disclose information relating to the operations of the agency violates the FRA, 44 U.S.C. §§ 3101–3106, the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701, *et seq.*, and FOIA, 5 U.S.C. §§ 552, *et seq.*, and causes irreparable harm by permanently depriving the public, including American Oversight, of access to federal records now at risk of being lost to history, as well as agency recordkeeping policies that would likely prohibit this destruction of records. Temporary injunctive relief is necessary to preserve the status quo while the case proceeds and prevent the further destruction of federal records.

For those reasons, and the reasons described further herein, American Oversight requests this Court order as soon as practicable a temporary restraining order requiring Defendants USAID and Rubio, in his official capacity as Acting Administrator of USAID, to: (1) immediately desist from unlawfully destroying federal records, and in particular, the immediate cessation of shredding, burning, or otherwise destroying records at USAID, including electronic communications, pending resolution of this lawsuit, and (2) provide American Oversight with a copy of any existing USAID's recordkeeping and FOIA processing policies, guidance, and related directives, which are not available on the agency's public website, by no later than March 17, 2025, at 12 p.m.

## Background

Shortly after President Trump assumed office on January 20, 2025, reports circulated that he planned to "end[] USAID as an independent agency and absorb[] it into the State Department."[2]

---

[2] *See, e.g.*, Ellen Knickmeyer, *USAID Website Goes Offline in Trump Administration's 2-Week-Old Freeze on Foreign Aid Worldwide*, Assoc. Press (updated Feb. 1, 2025, 8:37 PM), https://apnews.com/article/usaid-website-offline-trump-foreign-funding-freeze-9d2ecdaff5c74a9f6b0d6096fa2228ff.

On February 1, 2025, USAID's website was taken down "without explanation."[3] On February 3, 2025, USAID employees received an email telling them not to come into the Washington office for work that day, and "[t]housands of personal service contractors and civil servants lost access to email and USAID systems overnight."[4] The agency "fired thousands of employees" and announced plans to fire "thousands more," in addition to canceling 83% of USAID's aid agency contracts.[5] Reporting indicates that the "remnants of U.S.A.I.D." will be moved into the State Department.[6]

American Oversight responded quickly. On February 4, 2025, American Oversight submitted six FOIA requests to USAID—each with a request for expedited processing—seeking communications and other records pertaining to the status and operations of USAID and to any freeze on international aid ordered by the Trump administration. Compl. ¶¶ 14, 46-48; Lewis Decl. ¶¶ 4-6. The next day, American Oversight wrote to then-Archivist Colleen Shogan at the National Archives and Records Administration ("NARA") and to Marco Rubio, the Acting Administrator of USAID and Secretary of State,[7] warning of potential FRA violations at USAID, including potential unlawful destruction or removal of federal records. Compl. ¶¶ 49-53; Lewis Decl. ¶¶ 7-9.[8]

---

[3] *Id.*

[4] Jennifer Hansler et al., *Rubio Says He's Acting Director of USAID as Humanitarian Agency Is Taken Over by the State Department*, CNN (updated Feb. 4, 2025, 10:31 PM), https://www.cnn.com/2025/02/03/politics/usaid-washington-workers/index.html.

[5] *See* Wong, *supra* n.1.

[6] *Id.*

[7] Secretary Rubio is also currently the Acting Archivist of the United States at NARA. *Meet NARA's Leadership*, Nat'l Archives, https://www.archives.gov/about/organization/senior-staff (last updated Mar. 12, 2025). Because Secretary Rubio is also Acting Administrator of USAID, the letters were sent to both offices via certified mail, and postal service tracking reflects that they were received. Compl. ¶ 51; Lewis Decl. ¶ 8.

[8] The letters are also available online. *See* Letter from Ron Fein, Chief Counsel, Am. Oversight, to Marco Rubio, Acting Administrator, USAID (Feb. 5, 2025), https://americanoversight.org/featureddocument/letters-to-state-usaid-nara-regarding-potential-fra-violations/; Letter from Ron Fein, Chief Counsel, Am. Oversight, to Marco Rubio, Secretary,

These letters requested that the recipients take "immediate action" to "preserve and recover any and all. . . federal records." Lewis Decl. ¶ 7. To date, American Oversight has received no responses—or even acknowledgment—of its FOIA requests or FRA notification letters. Compl. ¶¶ 56, 61; Lewis Decl. ¶ 13.

After the USAID website "went dark" on February 1,[9] the public lost access to valuable resources, including the Development Experience Clearinghouse, an agency repository for data and reports.[10] Further, records reflecting USAID's current document retention policies, FOIA processing policies, and other administrative policies and directives are nowhere to be found on the dormant site. Because such policies are not published in the Federal Register, they are required to be affirmatively posted on the agency's site. *See* 5 U.S.C.§ 552(a)(2).

As reported on March 11, 2025, Erica Y. Carr, the acting executive secretary of USAID, directed USAID employees by email to "assist[] in clearing our classified safes and personnel documents" beginning at 9:30 AM on March 11.[11] The email, a screenshot of which is provided below, ordered employees to "[s]hred as many documents first, and reserve the burn bags for when the shredder becomes unavailable or needs a break."[12]

---

U.S. Dep't of State (Feb. 5, 2025), https://americanoversight.org/featureddocument/letters-to-state-usaid-nara-regarding-potential-fra-violations/; Letter from Ron Fein, Chief Counsel, Am. Oversight, to Dr. Colleen J. Shogan, Former Archivist, NARA (Feb. 5, 2025), https://americanoversight.org/featureddocument/letters-to-state-usaid-nara-regarding-potential-fra-violations/.
[9] Jennifer Hansler et al., *Rubio Says He's Acting Director of USAID as Humanitarian Agency Is Taken Over by the State Department*, CNN (Feb. 4, 2025, 10:31 PM), https://www.cnn.com/2025/02/03/politics/usaid-washington-workers/index.html.
[10] *See* Shannon Arvizu, *DOGE Is Causing the Very Problem It Claims To Be Solving*, The Hill (Feb. 20, 2025, 12:30 PM), https://thehill.com/opinion/5154109-doge-firewalls-data-access/.
[11] *See* Cook, supra n. 1; *see also* Wong, supra n. 1 (identifying agency official who sent directive).
[12] *Id.*



Within hours of these reports, American Oversight sent another letter to Rubio—now the Acting Archivist, in addition to his roles as Acting USAID Administrator and Secretary of State—demanding that he "take immediate action to halt the ongoing destruction of records at USAID, prevent further destruction, and initiate an action through the Attorney General to recover any records that were unlawfully removed." Ex. I; Compl. ¶ 55; Lewis Decl. ¶ 12.[13]

That same day, American Oversight filed suit in this action against Defendants USAID, NARA, and Rubio in his official capacity as Acting USAID Administrator and the Acting Archivist. *See generally* Compl. Specifically, American Oversight alleged that Defendants USAID, NARA, and Rubio failed to comply with their obligations under the FRA when they did not take steps necessary to report FRA violations and to initiate an enforcement action as required by the Act. *Id.* American Oversight further alleged that USAID and Rubio failed to implement and maintain an adequate recordkeeping system in violation of their obligations under the FRA and

---

[13] This letter is also available online. Letter from Ron Fein, Chief Counsel, American Oversight, to Marco Rubio, Acting Archivist, NARA (March 11, 2025), https://americanoversight.org/featureddocument/letter-to-acting-archivist-rubio-regarding-orders-to-shred-or-burn-usaid-documents/. On the same day, American Oversight sent additional FOIA requests to USAID seeking records related to the ongoing document destruction. Compl. ¶ 54; Lewis Decl. ¶¶ 10-11.

that their failure to affirmatively post current policies and directives on the USAID site violates the "reading room" provision of FOIA. *Id.*

American Oversight's Complaint seeks declaratory and injunctive relief to address Defendants' violations of the FRA, APA, and FOIA. *See generally*, Prayer for Relief, Compl. at 20-21. For the purposes of this Motion for a Temporary Restraining Order, American Oversight requests emergency injunctive relief, specifically that Defendants USAID and Marco Rubio, in his official capacity as Acting Administrator of USAID, (1) immediately desist from unlawfully destroying federal records, and in particular, the immediate cessation of shredding, burning, or otherwise destroying records at USAID, including electronic communications, pending resolution of this lawsuit, and (2) provide American Oversight with a copy of any existing USAID's recordkeeping and FOIA processing policies, guidance, and related directives, which are not available on the agency's public website, by no later than March 17, 2025, at 12 p.m.

## ARGUMENT

### I.  AMERICAN OVERSIGHT IS LIKELY TO SUCCEED ON THE MERITS, AND THE TEMPORARY RESTRAINING ORDER SHOULD BE GRANTED.

American Oversight's request for a temporary restraining order directing USAID to immediately cease destruction of records and provide American Oversight with recordkeeping documents that should be public should be granted, because all four factors weigh in Plaintiff's favor. Plaintiffs seeking a temporary restraining order under Federal Rule of Civil Procedure 65 must demonstrate that (1) they are likely to succeed on the merits, (2) they are likely to suffer irreparable harm absent injunctive relief, (3) the balance of hardships tips in their favor, and (4) the injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *League of Women Voters of United States v. Newby*, 838 F.3d 1, 6 (D.C. Cir. 2016); *Hall v. Johnson*, 599 F. Supp. 2d 1, 3 n. 2 (D.D.C. 2009) ("The same standard applies to both temporary

restraining orders and to preliminary injunctions."). Here, all four factors demonstrate American Oversight's entitlement to a temporary restraining order.

### A. American Oversight Is Likely to Succeed on the Merits.

According to widespread media reports, an acting executive secretary at USAID has instructed USAID staff to shred or burn agency documents,[14] despite warnings from American Oversight weeks ago that Defendants were required to preserve federal records and recover any that had been already destroyed. Unless the directive was "authorized" in accordance with the FRA, it is a clear violation of the Act, which "governs the creation, management, and disposal of federal records," *Armstrong v. Bush*, 924 F.2d 282, 284 (D.C. Cir. 1991), and mandates that federal agencies preserve records documenting their functions and activities, 44 U.S.C. §§ 3101 *et seq*. Agencies may not unilaterally destroy records without approval from the National Archives and Records Administration ("NARA"). *Id*. §§ 3303, 3303a, 3308-3314. Unauthorized destruction of records violates the FRA. *Armstrong*, 924 F.2d at 285 ("No records may be 'alienated or destroyed' except pursuant to the disposal provisions of the FRA." (quoting 44 U.S.C. § 3314)). Plaintiff's allegations and the prima facie evidence that a senior acting USAID official has actively directed USAID staff to shred or burn documents—very likely without consultation with NARA nor in accordance with lawful disposal procedures[15]—demonstrate a strong likelihood that USAID is engaging in ongoing violations of the FRA by continuing *and escalating* its destruction of evidence.

---

[14] *See* Wong, *supra* n. 1; *see also* Vaughn Hillyard et al., *USAID Employees Told to Burn or Shred Classified Documents*, NBC News (updated March 12, 2025, 7:53 AM EDT), https://www.nbcnews.com/politics/trump-administration/usaid-employees-told-burn-shred-classified-documents-rcna195853; Joseph Gedeon, *USAid Employees Told to Destroy Classified Documents, Email Shows*, Guardian (March 11, 2025, 2:52 PM EDT), https://www.theguardian.com/us-news/2025/mar/11/usaid-staff-documents.

[15] *See* Wong, *supra* n. 1; Gedeon, *supra* n. 14.

After American Oversight's February 5, 2025, warning put Defendants on notice of actual or threatened document destruction, the FRA required Defendants to take action for the recovery of records. 44 U.S.C. § 3106. But over a month after American Oversight's February 5th letter warning of actual or threatened destruction of documents, Defendants have failed to take action to preserve or recover records.[16] This constitutes "agency action unlawfully withheld or unreasonably delayed" and is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. §§ 706(1), (2)(A). Thus, American Oversight is likely to prevail on its APA claim for Defendants' failure to take action required by 44 U.S.C. § 3106.

Additionally, USAID and Acting Administrator Rubio's failure to maintain the recordkeeping policy itself, as well as other policies, on its website violates the "reading room" provision of the Freedom of Information Act (FOIA). Normally, individuals and organizations that seek agency records must submit requests to the agency, describing the records they seek. *See* 5 U.S.C. 552(a)(3)(A). However, FOIA requires agencies, including USAID, to proactively (i.e., without anyone needing to submit requests) make available in an electronic format for public inspection and copying certain materials, including "statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register" and "administrative staff manuals and instructions to staff that affect a member of the public." 5 U.S.C. § 552(a)(2). USAID's recordkeeping policy is not published in the Federal Register, but USAID's electronic FOIA reading room, available at https://foiarequest.usaid.gov/app/ReadingRoom.aspx, contains neither its recordkeeping policy nor any other policy. Thus, American Oversight is likely

---

[16] This obligation independently applies to USAID, NARA, Rubio in his capacity as Acting USAID Administrator, and Rubio in his capacity as Acting Archivist.

to prevail in its claim that USAID and Acting USAID Administrator Rubio have unlawfully withheld these records under 5 U.S.C. § 552(a)(4)(B).

### B. American Oversight Will Be Irreparably Harmed Absent the Requested Relief.

American Oversight will be irreparably harmed if Defendant Rubio continues to allow USAID personnel to destroy federal records, and only a temporary restraining order can address the urgent harm caused by USAID's destruction of records. American Oversight has submitted multiple Freedom of Information Act ("FOIA") requests to USAID.[17] In particular, American Oversight's FOIA request to USAID seeks personnel documents regarding any personnel who started at USAID since January 20, 2025.[18] Compl. ¶¶ 46-48, Lewis Decl. ¶¶ 5-6. The document destruction directive specifically references destroying "personnel documents,"[19] documents which would be clearly responsive to American Oversight's FOIA request. American Oversight has also submitted recent requests for records, including communications, relating to the directive to shred documents. Compl. ¶ 54, Lewis Decl. ¶¶ 10-11. Indeed, USAID's broad records destruction may include records responsive to many of American Oversight's additional FOIA requests.[20]

---

[17] American Oversight has submitted 13 FOIA requests to USAID in 2025 as of the date of this motion. Lewis Decl. ¶ 4.

[18] This FOIA request, as with every FOIA request submitted by American Oversight to USAID, contained language requesting that the agency "take appropriate steps to ensure that records responsive to this FOIA request are not deleted by the agency before the completion of processing for this request." Lewis Decl., Ex. A.

[19] Wong, *supra* n. 1.

[20] Furthermore, as a government watchdog that advances truth, accountability, and democracy by enforcing the public's right to government records, American Oversight has submitted several FOIAs to USAID in the past, and is likely to submit additional requests in the future, if not to USAID itself, then to the U.S. Department of State as successor of certain of its programs and/or to NARA for records transferred from USAID in accordance with relevant laws and regulations. Lewis Decl. ¶¶ 2, 4, 10, 11, 14, 15. The document destruction directive is exceedingly likely to impact at least some responsive records that should have been preserved in accordance with the FRA and USAID and NARA policies and regulations but for Defendants unlawful actions.

The danger extends well beyond the document destruction directive issued this week. American Oversight called on Defendants Rubio, USAID, and NARA to take action to recover any unlawfully removed records and prevent further destruction over a month ago. Not only did they ignore that entreaty and offer no assurances they would enforce FRA compliance at the agency, but they enabled a brazen call to destroy records in shocking defiance of their statutory obligations. Their actions this week confirm that there is no reason to believe they have taken any steps to guard against unlawful removal or destruction or recover any alienated documents and that this Court's intervention is essential to prevent any further damage.

Once records are destroyed, they cannot be recovered, permanently depriving the public of their content and obstructing government accountability. Courts recognize that irreparable harm occurs when government records are unlawfully destroyed. *See Am. First Legal Found. v. Becerra*, No. CV 24-1092 (RC), 2024 WL 3741402, at *14-16 (D.D.C. Aug. 9, 2024) (finding irreparable harm because "the loss or destruction of federal records is a significant harm to both Plaintiff and the public, and that it is a harm that cannot be cured once the records are lost or destroyed"), *Armstrong*, 924 F.2d at 288 (unlawfully deleted government records "will be lost forever to history"). Furthermore, American Oversight's purpose is to use FOIA to help it, and the public, monitor the activities of government officials and agencies. Compl. ¶ 13; Lewis Decl. ¶¶ 2-3. American Oversight cannot provide the public with information about USAID if USAID shreds or burns records that would otherwise be public under FOIA. *See* Compl. ¶¶ 61-62; Lewis Decl. ¶¶ 14-16; *see generally Nat'l Labor Relations Bd. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978) ("The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed."). This records destruction is particularly damaging to American Oversight's

mission and to public debate at a time when USAID and its activities are the subject of intense public interest and debate. Without immediate intervention, USAID's unlawful destruction of records will continue unchecked. Thus, the second factor clearly weighs in favor of a temporary restraining order.

### C. The Balance of Equities and Public Interest Favor a Temporary Restraining Order.

The remaining two factors both weigh strongly in favor of a temporary restraining order, as the requested relief will not burden others' interests, and it would be in the public interest. No legitimate interests would be harmed by granting American Oversight its requested relief. Defendants cannot claim to be harmed by an order compelling them to comply with their statutory obligations under the FRA, as the government has no cognizable interest in violating the law or in destroying records subject to the FRA. *See League of Women Voters*, 838 F.3d at 12 ("There is generally no public interest in the perpetuation of unlawful agency action."). Preventing the destruction of federal records poses no harm to USAID, while allowing their destruction causes severe harm to the public's right to access government records. Courts have recognized that upholding the FRA and FOIA serves the public interest. *See, e.g.*, *Am. First Legal*, 2024 WL 3741402, at *16; *Ctr. for Pub. Integrity v. United States Dep't of Def.*, 411 F. Supp. 3d 5, 15 (D.D.C. 2019). The balance of equities and the public interest both strongly favor the issuance of a temporary restraining order directing USAID to stop its destruction of records immediately.

### II.    NO BOND IS APPROPRIATE HERE.

The Court should not impose a security requirement in this public interest litigation. *See e.g.*, *Nat'l Council of Nonprofits v. Off. of Mgmt. & Budget*, No. CV 25-239 (LLA), 2025 WL 597959, at *19 (D.D.C. Feb. 25, 2025) (declining to impose bond on a public interest plaintiff, highlighting that the trial court has discretion to require no bond at all, and noting that it would

"defy logic" to require bond in a case where the defendants—a federal agency and its director—would face no monetary injury from preliminary injunctive relief); *see also e.g.*, *People of State of Cal. ex rel. Van De Kamp v. Tahoe Reg'l Plan. Agency*, 766 F.2d 1319, 1325 (9th Cir. 1985) ("The court has discretion to dispense with the security requirement, or to request mere nominal security, where requiring security would effectively deny access to judicial review."); *City of Atlanta v. Metro. Atlanta Rapid Transit Auth.*, 636 F.2d 1084, 1094 (5th Cir. 1981) ("public-interest litigation [is] an area in which the courts have recognized an exception to the Rule 65 security requirement"); *Mich. Citizens for an Indep. Press v. Thornburgh*, No. CIV.A. 88-2322, 1988 WL 90388, at *8 n.12 (D.D.C. Aug. 17, 1988) (declining to order security in part because action was "brought in the public interest on behalf of individuals whose resort to further judicial review would be impaired if compelled to pay the bond that defendants seek").

Here, American Oversight is a public interest plaintiff, and the Court has broad discretion to dispense with the requirement of bond, particularly in a case where Defendants face no monetary injury if temporary injunctive relief is imposed. Therefore, the Court should allow this case to proceed without a bond.

## CONCLUSION

For the foregoing reasons, Plaintiff American Oversight respectfully requests that this Court issue a temporary restraining order directing USAID to immediately cease any destruction of records pending further proceedings.

Dated: March 12, 2025                             Respectfully submitted,

/s/ Emma Lewis
Emma Lewis
D.C. Bar No. 144574
Loree Stark
D.C. Bar No. 90021926
AMERICAN OVERSIGHT

12

1030 15th Street NW, B255<br>
Washington, DC 20005<br>
(202) 919-6303<br>
Emma.lewis@americanoversight.org

*Counsel for Plaintiff*