IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT, | ) |
| *Plaintiff*, | ) |
| v. | ) Case No. 25-cv-719 |
| U.S. AGENCY FOR INTERNATIONAL DEVELOPMENT et al., | ) |
| *Defendants*. | ) |

**DECLARATION OF EMMA LEWIS**

I, EMMA LEWIS, hereby declare as follows:

1. I am Counsel at American Oversight and counsel of record for American Oversight in the above-captioned action. I make this declaration based on my personal knowledge through consultation with my colleagues at American Oversight, and through a review of American Oversight's business records.

2. American Oversight is a non-partisan, nonprofit organization primarily engaged in disseminating information to the public and committed to ensuring transparency in government and promoting accountability for government officials. American Oversight's primary professional activity or occupation is information dissemination.

3. American Oversight analyzes the records it receives, creates explanatory and editorial content on the basis of its findings and highlights its findings for other media to ensure wide public dissemination. American Oversight also typically posts records it receives from public records requests for free public viewing on its website. American Oversight disseminates the information it receives to facilitate the American public's informed participation in self-

government, including equipping the public with information it needs to effectively petition its representatives in Congress.

4.  On February 4, 2025, American Oversight submitted six FOIA requests, each with a request for expedited processing, to USAID seeking records relating to the status of operations and staffing at the agency, as well as records relating to the implementation of any freezes on funding at the agency. American Oversight has submitted 13 FOIA requests to USAID in 2025.

5.  One February 4, 2025 request specifically sought "[r]ecords sufficient to identify all employees who entered a position at the USAID since January 20, 2025, and the title or position of each employee," as well as "records sufficient to identify each title or position" of individuals who have "held multiple titles or positions since January 20, 2025." Exhibit A.

6.  The same request sought resumes, conflicts or ethics waivers, and government forms typically issued to reflect a change for employee titles. *Id.*

7.  On February 5, 2025, American Oversight sent letters to Defendant Rubio and to then-Archivist Colleen Shogan to "bring their attention to the potential unlawful destruction and removal of federal records" at USAID, and to request that "immediate action" be taken, including "initiat[ing] an action through the Attorney General" to "preserve and recover any and all USAID federal records, including the entirety of USAID.gov." *See* Exhibit B, Exhibit C, and Exhibit D.

8.  Letters were sent to Defendant Rubio via certified mail to the Department of State and USAID, and the postal service tracking system reflects the letters were delivered. *See* Exhibit E and Exhibit F.

9.  In its February 5 letters to then-Archivist Shogan and Defendant Rubio, American Oversight requested to be alerted once any action had been taken. *See* Exhibits B, C, and D.

10. American Oversight submitted two additional FOIA requests on March 11, 2025 following reports of shredding and burning of documents at USAID. *See* Exhibit G and Exhibit H.

11. The requests sought a copy of a reported email directing personnel to "Shred as many documents first, and reserve the burn bags for when the shredder becomes unavailable or needs a break," as well as other communications or guidance related to the destruction or removal of records. *Id.*

12. Also on March 11, American Oversight also sent a letter to Defendant Rubio at the email address designated for the Archivist, demanding that he "take immediate action to prevent violations of the Federal Records Act . . . currently occurring at [USAID]." *See* Exhibit I.

13. As of the date of this filing, American Oversight has not received responses or acknowledgments to its February 4 FOIA requests, its February 5 letters to Defendants, its March 11 FOIA requests, or its March 11 letter to Defendant Rubio.

14. American Oversight's ability to obtain public records on a prompt basis is crucial to its mission of ensuring transparency of government actions, promoting accountability of government officials, and disseminating information about government activities to the public. The preservation of federal records subject to those requests is crucial to American Oversight's ability to fulfill its mission.

15. American Oversight's ability to obtain public records in order to promote accountability of the government and disseminate information to the public relies in large part on the government's adherence to federal recordkeeping policies, FOIA obligations, and affirmative disclosure by agencies of documents relating to the operations of those agencies, including their record retention practices and directives, and FOIA processing guidelines.

16. American Oversight and the public will be irreparably harmed if an order is not entered requiring Defendants immediately to preserve federal records, including records responsive to American Oversight's outstanding FOIA requests, and to immediately produce to American Oversight information relating to current USAID operations, policies, and guidance, including its recordkeeping and FOIA processing policies.

17. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 12, 2025                                           Respectfully submitted,

*/s/ Emma Lewis*
Emma Lewis
D.C. Bar No. 144574
Loree Stark
D.C. Bar No. 90021926
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 919-6303
emma.lewis@americanoversight.org

*Counsel for Plaintiff*