

# ADS Chapter 507

# Freedom of Information Act (FOIA)

Partial Revision Date: 11/05/2020
Responsible Office: M/MS/IRD
File Name: 507_110520

**Functional Series 500 – Management Services**
**ADS 507 – Freedom of Information Act**
**POC for ADS 507: Alecia Sillah, (202) 916-4660, asillah@usaid.gov**

# Table of Contents

**507.1**    **OVERVIEW** .................................................................................. 3

**507.2**    **PRIMARY RESPONSIBILITIES** ................................................ 4

**507.3**    **POLICY DIRECTIVES AND REQUIRED PROCEDURES** ......... 6

**507.3.1**    **General Policy** ..................................................................... 6

**507.3.2**    **Proactive Disclosures of Agency Records** ........................... 6

**507.3.3**    **Searching for Responsive Records** ....................................... 7
507.3.3.1    FOIA Liaison Officer Actions .................................................. 7
507.3.3.2    The Scope of a Search ........................................................... 8
507.3.3.3    Conducting an Adequate Search ............................................ 9
507.3.3.4    Electronic Search for Records ............................................... 9
507.3.3.5    Release Recommendations .................................................. 10
507.3.3.6    FOIA Nine (9) Exemptions ................................................... 11
507.3.3.7    FOIA Exclusions .................................................................. 14

**507.3.4**    **Procedures for Responding to a FOIA Request** ................. 15
507.3.4.1    Responses to a FOIA Request .............................................. 15
507.3.4.2    Timing of Responses to Requests ........................................ 16
507.3.4.3    Consultations and Referrals ................................................. 18

**507.3.5**    **FOIA Appeals, Mediation, and Litigation** ......................... 19
507.3.5.1    FOIA Appeals ...................................................................... 19
507.3.5.2    FOIA Litigation .................................................................... 20
507.3.5.3    Mediation and Dispute Services .......................................... 21

**507.3.6**    **Records Requested Under the Privacy Act** ....................... 21
507.3.6.1    Establishing Proof of Identity and Right to Access ................ 22

**507.3.7**    **Fees** .................................................................................... 22
507.3.7.1    Fee Waivers ......................................................................... 25
507.3.7.2    Fees Charged ....................................................................... 26

**507.3.8**    **FOIA Reports** ..................................................................... 26
507.3.8.1    Quarterly Report .................................................................. 26
507.3.8.2    Annual Report ...................................................................... 27
507.3.8.3    Chief FOIA Officer's Report .................................................. 27

**507.4**    **MANDATORY REFERENCES** .................................................................. **27**

**507.4.1**    **External Mandatory References** ................................................ **27**

**507.4.2**    **Internal Mandatory References** ................................................ **28**

**507.4.3**    **Mandatory Forms** ..................................................................... **28**

**507.5**    **ADDITIONAL HELP** ........................................................................... **28**

**507.6**    **DEFINITIONS** ..................................................................................... **28**

11/05/2020 Partial Revision

## ADS 507 - Freedom of Information Act (FOIA)

### 507.1    OVERVIEW
Effective Date: 07/30/2019

This chapter outlines the United States Agency for International Development's (USAID) policies and procedures for processing requests for Agency records under the **Freedom of Information Act (FOIA), 5 USC § 552**, the **Electronic-Freedom of Information Act (E-FOIA) Amendments of 1996**, and the **FOIA Improvement Act of 2016**.

This chapter provides USAID employees with the guidance necessary to respond to FOIA requests in a manner that promotes public understanding of USAID operations and activities. It addresses statutory, regulatory, policy, procedural, and processing requirements that USAID must follow.

The FOIA, 5 USC § 552, was enacted in 1966. The law gives any member of the public the right to obtain access to federal agency records unless such records or portions of such records are protected. It is often described as the law that keeps citizens in the know about their government. Federal agencies are required to disclose any information requested under the FOIA unless it falls under one of nine exemptions which protect interests such as personal privacy, national security, and law enforcement.

The basic purpose of the FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed. The FOIA encourages accountability through transparency. At the same time, the Supreme Court has also recognized that in enacting the FOIA, Congress sought to reach a workable balance between the right of the public to know, and the need of the government to protect, certain information.

The FOIA applies to agency records. This is defined as records that the agency has created or obtained, and that are under the agency's possession and control at the time a request is received. The physical form, format, or characteristics of the record will not be determinative. Agency records can be maintained in any format, including: electronic records (email messages, Google Hangouts, text messages), books, papers, maps, charts, plans, architectural drawings, photographs, audiovisual material such as still pictures, sound and video recordings. All records, regardless of classification at USAID, are subject to the FOIA.

At USAID, the Bureau for Management, Office of Management Services, Information and Records Division (M/MS/IRD) processes all requests and appeals under the FOIA, with the exception of requests and appeals for records of the Office of the Inspector General (OIG).  For records pertaining to the OIG, the OIG has the delegated authority to administer and to issue determinations with respect to FOIA requests, and appeals of initial denials of requests, for its own records.

## 507.2     PRIMARY RESPONSIBILITIES
Effective Date: 11/05/2020

**a.**     The **Assistant Administrator for the Bureau for Management (M)** serves as the USAID Chief FOIA Officer. The Chief FOIA Officer has overall responsibility for USAID compliance with the FOIA. The Chief FOIA Officer:

● Provides high level oversight and support to USAID's FOIA programs, and recommends adjustments to Agency practices, personnel, and funding as may be necessary to improve FOIA administration;

● Is responsible for offering training to Agency staff regarding their FOIA responsibilities;

● Serves as the primary liaison with the National Archives and Records Administration's Office of Government Information Services (NARA/OGIS) and the Department of Justice's Office of Information Policy (DOJ/OIP); and

● Reviews, not less frequently than annually, all aspects of the Agency's administration of the FOIA to ensure compliance with the FOIA's requirements.

**b.**     The **Bureau for Management, Office of Management Services, Information and Records Division (M/MS/IRD)** receives, tracks, and processes all of USAID's FOIA requests, other than requests for records of the OIG, to ensure transparency within the Agency.

**c.**     The **Office of the Inspector General (OIG)** is responsible for the intake, processing, and administrative appeals of denials of all requests for its records under the FOIA and Privacy Acts.

**d.**     The **Deputy Inspector General, in the OIG,** serves as the OIG's FOIA Appeals Officer responsible for receiving and acting upon appeals from requesters whose initial FOIA requests for OIG records the OIG has denied, in whole or in part.

**e.**     The **Deputy Director, Bureau for Management, Office of Management Services (M/MS/OD)** serves as the USAID FOIA Appeals Officer for all USAID records other than those of the OIG. The FOIA Appeals Officer is responsible for receiving and making the final determination upon appeals from requesters whose initial FOIA requests for records have been denied, in whole or in part.

**f.**     The **Division Chief, Bureau for Management, Office of Management Services, Information and Records Division** serves as USAID's FOIA Officer and FOIA Public Liaison for requests for all Agency records other than those of the OIG. The FOIA Officer is responsible for program direction, original denials, and policy decisions required for effective implementation of USAID's FOIA program. The FOIA Officer, or the FOIA Officer's designee, must make the original determination to release or deny access to a record, in whole or in part. As the FOIA Public Liaison, the Division Chief

serves as a supervisory official to whom a FOIA requester can raise concerns about the services received, following an initial response from the FOIA staff. In addition, the FOIA Public Liaison assists, as appropriate, in reducing delays, increasing transparency and understanding of the status of requests, and resolving disputes.

**g.**    The **General Counsel to the Inspector General, in the OIG,** serves as OIG's FOIA Officer and OIG's FOIA Public Liaison.  The OIG FOIA Officer is responsible for programmatic direction, original denials, and policy decisions required for the effective implementation of the OIG's FOIA program.  The OIG's FOIA Public Liaison serves as a supervisory official to whom a FOIA requester can raise concerns about the services received, following an initial response from the OIG's FOIA staff.  In addition, the OIG's FOIA Public Liaison assists, as appropriate, in reducing delays, increasing transparency and understanding of the status of requests, and resolving disputes regarding requests for the OIG's records.

**h.**    The **FOIA Team Leader** is the Principal Operations Officer within USAID for the processing of FOIA requests and release determinations for all Agency records other than those of the OIG.

**i.**    **FOIA Specialists**, located in M/MS/IRD and in the OIG, also known as the Government Information Specialists (GIS), are responsible for processing requests and preparing records for release when such releases are authorized by the FOIA. They do not have the authority to make denials, including "no records" responses. All communication between the FOIA requester, FOIA business submitter, and USAID will be conducted through the designated FOIA Specialist assigned to the request.

**j.**    The **Office of the General Counsel (GC), FOIA Backstop Attorney Advisor** has responsibility for providing legal advice on all USAID matters regarding or resulting from the FOIA, other than OIG matters. Upon request, GC advises M/MS/IRD on release and denial decisions, and apprises M/MS/IRD of all significant developments with respect to the FOIA.  OIG attorneys have responsibility for providing legal advice on all requests and appeals related to the OIG's records.

**k.**    Each **Attorney Advisor** in GC or Resident Legal Officer (RLO) is designated to provide legal advice to USAID Bureaus/Independent Offices and Missions (B/IO/Ms) is responsible for providing, at M/MS/IRD's request, legal advice on FOIA requests assigned to those B/IO/Ms.

**l.**    **Assistant Administrators**, or their equivalent, are responsible for designating the FOIA Liaison Officer (FLO) for their B/IO.

**m.**    The designated **FOIA Liaison Officer (FLO)** in each USAID B/IO and Mission, or OIG unit, is responsible for coordinating and facilitating the search and collection of potentially responsive records, in addition to obtaining release recommendations, and monitoring the production of records and release recommendations to M/MS/IRD, or to the OIG, respectively. At the Mission locations, RLOs typically function as the FLO.

**n.** The **Division Chief, Bureau for Management, Office of the Chief Information Officer, Office of Information Assurance** (M/CIO/IA) assists M/MS/IRD in accessing electronic records in support of an approved FOIA request.  The OIG's Office of Information Management will facilitate its electronic records searches within the OIG.

**o.** The **Subject Matter Expert (SME)/Record Owner (RO)/Searcher** conducts the search for potentially responsive records and is required to provide release recommendations on every document submitted to M/MS/IRD and the OIG for potential public release.

## 507.3      POLICY DIRECTIVES AND REQUIRED PROCEDURES

### 507.3.1      General Policy
Effective Date: 07/30/2019

The policy directives and required procedures in this chapter are based on the spirit as well as the letter of the FOIA. USAID's policy is designed to provide the fullest possible disclosure of Agency information about its mission and operations, limited only by the obligations on confidentiality and administrative necessity codified in the nine exemptions and three exclusions of the FOIA. When records are not subject to one or more FOIA exemptions, USAID will make records available upon request from the public in a timely manner. In any instance, where only part of a requested record is exempt from disclosure under the FOIA, USAID will separate and release portions of the record not exempt from disclosure under the FOIA.

The Bureau for Management, Office of Management Services, Information and Records Division (M/MS/IRD) has overall responsibility for managing FOIA operations, and is the central unit for processing requests for USAID records in Washington, DC and overseas with one exception:  The OIG has overall responsibility for processing all requests for its records.

All inquiries for non-public records must be referred to M/MS/IRD and the OIG, respectively. All communication between the FOIA requester and USAID will be conducted through the designated FOIA Specialist assigned to process the FOIA request.

FOIA requests sent directly to a USAID office must be forwarded to M/MS/IRD or the OIG as soon as possible. Please send misdirected FOIA requests to **foia@usaid.gov**. Similarly, send all misdirected FOIA requests for OIG records to **oigfoia@usaid.gov**.

In the event that a request for records access pertains to both the Agency and the OIG, the Party that receives the request will forward the portion of the request that seeks access to the other Party's records to the other Party, within ten working days of receipt, for the other Party's processing and direct response to the requester.

### 507.3.2      Proactive Disclosures of Agency Records
Effective Date: 07/30/2019

A proactive disclosure takes place when M/MS/IRD or the OIG make records publicly available without waiting for a request. A number of categories of information and materials are required to be made proactively available; other proactive disclosures are discretionary.

M/MS/IRD and the OIG must make the following materials available for public inspection in an electronic format:

1. Operational policy in USAID's Automated Directives System (ADS) which have been adopted by the Agency and are not published in the Federal Register;

2. Administrative staff manuals and instructions to staff that affect any member of the public; and

3. Records that have become, or are likely to become, the subject of future FOIA requests (i.e. those records related to mass media coverage, for topics such as Ebola, Hurricane Irma); or records that have been requested three or more times - commonly referred to as frequently requested records.

M/MS/IRD and the OIG will decide on a case-by-case basis whether records fall into this category, based on the following factors:

a. Previous experience with similar records;

b. The particular characteristics of the records involved, including their nature and the type of information contained in them; and

c. The identity and number of requesters and whether there is widespread media, historical, academic, or commercial interest in the records.

### 507.3.3    Searching for Responsive Records

### 507.3.3.1    FOIA Liaison Officer Actions
Effective Date: 07/30/2019

The FOIA Liaison Officer must:

1. Coordinate the retrieval and review of the requested records by appropriate staff of the B/IO or Mission, or the OIG unit;

2. Provide regular and prompt status updates to M/MS/IRD or OIG on the status of the retrieval and review process;

3. Promptly transmit a copy of the requested records to the assigned FOIA Specialist;

4. Provide release recommendations to either release the records in full, in part, or to withhold the records in full;

5. Provide a "no records" response detailing the locations searched in response to the request, as provided by the SME/RO; and

6. Complete and return, to the assigned FOIA Specialist, the **AID 507-2, Freedom of Information Action Control Record**, or comparable OIG form attached to each FOIA request referred to them, detailing the release recommendations, amount of hours it took to conduct the search, and number of responsive pages, etc.

The SME/RO/Searcher must:

1. Locate all potentially responsive records to the FOIA request;

2. Account for each location searched and the amount of time it took to conduct the search, and provide this information to the FOIA Liaison Officer; and

3. Thoroughly review all of the records and provide release recommendations for each one.

### 507.3.3.2    The Scope of a Search
Effective Date: 07/30/2019

To assist in determining whether a record contains information that is responsive to the request, the searcher must consider:

1. Does the information fall within the timeframe specified in Action Form 507-2 or the tasking email in the FOIA request?

2. Does the information conform to the requester's description?

If the searcher has any questions regarding what information will be responsive to a given request, the FOIA Specialist coordinating USAID or the OIG's response should be contacted.

USAID and the OIG must disclose any information that is requested, unless that information is protected from public disclosure, as defined by any of the nine exemptions or three exclusions of the FOIA, 5 U.S.C. § 552(b) and (c). If the circumstances surrounding the withholding raise questions as to whether Agency personnel acted arbitrarily or capriciously with respect to the withholding of information, the Department of Justice, Office of Special Counsel could be notified to determine appropriate action.

USAID and OIG are not obliged to create a new record to comply with a FOIA request. The FOIA only applies to existing records, and does not require USAID to collect information that is not available, or to research or analyze data for a request. USAID is

only required to conduct a reasonable search for existing records or documents in response to a FOIA request. However, generating a record from a system where the information already exists to respond to a FOIA request does not amount to the creation of a new record.

### 507.3.3.3    Conducting an Adequate Search
Effective Date: 07/30/2019

Under the FOIA, to search means to look for records, manually or by automated means, for the purpose of locating records which are potentially responsive to the request. The Agency must conduct a thorough search that is reasonably calculated to uncover all relevant documents regardless of the format. All documents identified as responsive to a FOIA request must be provided to the assigned FOIA Specialist.  A comprehensive and complete search for responsive records must be conducted.

Records Disposition Confirmation: If the requested records have met the retention period—that is, the duration of time that the record or information should be retained, as defined in the Agency's approved Records Disposition Schedule found in **ADS 502, The USAID Records Management Program**, the USAID employee conducting the search must provide the assigned FOIA Specialist with information regarding the records' final disposition, including whether the records have been destroyed or transferred to NARA for storage.

USAID performs a diligent search for records to satisfy each FOIA request. Nevertheless, the Agency may not be able to find the records requested using the information provided, or the records may not exist. If a complete and adequate search results in no records, the assigned FOIA Specialist must be notified of this search result, including who searched, when the search was conducted, and where the search was conducted.

When the Agency conducts a search that produces records originated by the OIG, it will refer all the OIG's records to the OIG for processing and direct reply to the requester.

### 507.3.3.4    Electronic Search for Records
Effective Date: 07/30/2019

Under the Electronic FOIA amendments, agencies are required to make "reasonable efforts" to search for and produce records in various electronic forms or formats upon request. M/MS/IRD initiates a search for electronic records by: 1) tasking the Bureau, Independent Office, and/or Mission via the FLO or RLO; or 2) by requesting the Bureau for Management, Office of the Chief Information Officer (M/CIO), to conduct an electronic records search if:

- The search involves former employees, or current employees if multiple employees are named in a request;

● All current employees identified in the scope of the FOIA request will be advised of the search and permitted to review the records, and as needed, provide release recommendations before records are publicly released;

● The volume of records requested is large;

● A single FOIA request crosses multiple electronic mediums; or

● There are time constraints as dictated by the FOIA.

The OIG will conduct its own electronic records searches.

### 507.3.3.5    Release Recommendations
Effective Date: 07/30/2019

M/MS/IRD and the OIG require that the personnel furnishing the records thoroughly review all of the information. As the Agency's record owner (RO) or subject matter expert (SME) of the requested records, the RO/SME is required to provide release recommendations on every document submitted to the assigned FOIA Specialist for potential public release. M/MS/IRD and the OIG rely upon the RO/SME to provide release recommendations by identifying any information that, if released to the public, may result in foreseeable harm to the Agency or an outside party. The recommended withholdings should not be arbitrary, and must be grounded by one of the nine FOIA exemptions listed in section **507.6.6**. The RO/SME must make sound and reasonable assessments.

**Records in a foreign language.** The RO or SME of the requested records should coordinate review and obtain release recommendations from the GC Backstop Attorney Advisor responsible for the RO/SME's Bureau/Independent Office or the RO/SME's Regional Legal Officer (RLO) responsible at its Mission. The GC Backstop Attorney Advisor/RLO will work with the RO/SME to review the foreign language records and highlight any portions that may cause a harm protectable by one of the nine FOIA exemptions listed in section **507.6.6**, if publicly disclosed. In addition, the GC Backstop Attorney Advisor/RLO will provide written justifications for the recommended withholdings.  The OIG's FOIA Specialist will coordinate review of records in a foreign language internally with the appropriate OIG unit.

**Foreseeable Harm Standard.** M/MS/IRD and the OIG will withhold information under the FOIA only if M/MS/IRD and the OIG reasonably foresees that disclosure would harm an interest protected by an exemption or disclosure is prohibited by law. M/MS/IRD and the OIG will consider whether partial disclosure of information is possible whenever it is determined that a full disclosure of a requested record is not possible. M/MS/IRD and the OIG will take reasonable steps necessary to segregate and release nonexempt information. This provision does not require disclosure of information that is otherwise prohibited from disclosure by law, or otherwise exempted from disclosure under Exemption 3.

**Discretionary Disclosure.** The **Department of Justice's 2009 FOIA Guidelines** encourages agencies to release information as a matter of discretion when there is no foreseeable harm in disclosure. These guidelines were adopted into the 2016 FOIA Improvement Act. For example, in those instances when fully disclosing a record is not possible, agencies should consider partially disclosing the record as a matter of administrative discretion, where appropriate. The exemptions that have the greatest potential for the discretionary disclosure of information are FOIA Exemptions 2 and 5.

Under the FOIA, M/MS/IRD and the OIG are responsible for the final determination on release and withholding, the basis for which is a combination of the RO/SME's recommendations, the FOIA Specialist's analysis, and applicable FOIA case law.

When requested by M/MS/IRD and the OIG, all employees are expected to conduct a timely and reasonable search for responsive records; and, to explain in practical terms, the reasons for any suggested withholding within the records.

If, when responding to a search request, the RO/SME furnishing the records have or locate a responsive record that contains both exempt and nonexempt material, the RO/SME generally must separate and release the nonexempt information.

If a page of a record contains information that is responsive to a request, release the entire page (even the portions of it that are nonresponsive) unless:

1. A FOIA exemption protects some or all of the information from disclosure; or

2. M/MS/IRD or the OIG have issued, in writing, a specific exception to this general rule.

If a record contains some responsive information, but a page of the record contains no responsive information, advise M/MS/IRD or the OIG that the page is outside the scope of the request.

### 507.3.3.6    FOIA Nine (9) Exemptions
Effective Date: 07/30/2019

Not all records can be released under the FOIA. Congress established certain categories of information that are not required to be released in response to a FOIA request because release would be harmful to a government or private interest. These categories are called "exemptions" from disclosures. Still, even if an exemption applies, agencies may use their discretion to release information when there is no foreseeable harm in doing so and disclosure is not otherwise prohibited by law.

There are nine categories of exempt information.

1. Exemption 1: Information that is classified to protect national security. Request of Classified Information: On receipt of any request involving classified information, M/MS/IRD or the OIG must determine whether the information is currently and properly classified. Whenever a request involves a record

containing information that has been classified or may be appropriate for classification by another agency under any applicable Executive Order concerning the classification of records, M/MS/IRD or the OIG must refer the responsibility for responding to the request regarding that information to the agency that classified the information, or that should consider the information for classification.

2. Exemption 2: Information related solely to the internal personnel rules and practices of an agency.

3. Exemption 3: Information that is prohibited from disclosure by another federal law.

4. Exemption 4: Trade secrets or commercial or financial information that is confidential or privileged:

   a. Commercial or financial information provided to USAID by a business submitter will be treated as privileged. Business submitter means any person or entity, including a corporation, state, or foreign government, but not including another Federal Government entity, that provides information, either directly or indirectly to the Federal Government.

   b. Designation of confidential commercial information. A submitter of confidential commercial information must use good faith efforts to designate by appropriate markings, either at the time of submission or within a reasonable time thereafter, any portion of its submission that it considers to be protected from disclosure under Exemption 4. These designations will expire 10 years after the date of the submission unless the submitter requests and provides justification for a longer designation period.

   c. Additional Requirements for Exemption 4 – Business Submitter Process:

      I. When notice to business submitters is required.

         ● The assigned FOIA Specialist must promptly provide written notice to a business submitter of confidential commercial information whenever records containing such information are requested under the FOIA; the requested information has been designated in good faith by the business submitter as information considered protected from disclosure under Exemption 4; or M/MS/IRD or the OIG has a reason to believe that the requested information may be protected from disclosure under Exemption 4, but has not yet determined whether the information is protected from disclosure under that exemption or any other applicable exemption. In addition, M/MS/IRD or the OIG is required to

notify the FOIA requester whenever it provides the business submitter with notice.

- A business submitter is a local organization or host government. When necessary, the FOIA Specialist will coordinate with the RLO on transmitting business submitter notifications when the business submitter is the host government or local organization, due to safety and security concerns or to overcome foreign language barriers

II.  Opportunity to object to disclosure. M/MS/IRD and the OIG are required to specify a reasonable time period within which the business submitter must respond to the notice referenced above. If a business submitter has any objections to disclosure, the business submitter should provide M/MS/IRD or the OIG with a detailed written statement that specifies all grounds for withholding the particular information under any exemption of the FOIA. In order to rely on Exemption 4 as basis for nondisclosure, the business submitter must explain why the information constitutes a trade secret or commercial or financial information that is privileged or confidential. A business submitter who fails to respond within the time period specified in the notice will be considered to have no objection to disclosure of the information.

III. Notice of intent to disclose. When M/MS/IRD or the OIG determines that information will be disclosed over the objection of a business submitter, M/MS/IRD or the OIG is required to provide the business submitter written notice. Additionally, M/MS/IRD or the OIG is required to provide written notice to the FOIA requester whenever a business submitter files a lawsuit to prevent the disclosure of the information.

**5.** Exemption 5: Privileged communications within or between agencies, including those protected by the following:

**a.** The deliberative process privilege allows M/MS/IRD or the OIG to withhold documents which reflect deliberative, pre-decisional communications that are intra- or inter-agency.

**b.** The attorney work-product privilege only applies when the document was created by or at the direction of an attorney; and created in reasonable anticipation of litigation.

**c.** The attorney-client privilege protects confidential communications between an attorney and his/her client relating to a legal matter for which the client has sought professional advice.

6.  Exemption 6: Information that, if disclosed, would invade another individual's personal privacy. This includes protecting from disclosure personal privacy information that could subject individuals working in critical priority countries (CPC) and non-permissive environments (NPE) to threats, intimidation, harassment and/or violence.

7.  Exemption 7: Information compiled for law enforcement purposes that:

    a.  Exemption (7)(A). Could reasonably be expected to interfere with enforcement proceedings.

    b.  Exemption (7)(B). Would deprive a person of a right to a fair trial or an impartial adjudication.

    c.  Exemption (7)(C). Could reasonably be expected to constitute an unwarranted invasion of personal privacy.

    d.  Exemption (7)(D). Could reasonably be expected to disclose the identity of a confidential source.

    e.  Exemption (7)(E). Would disclose techniques and procedures for law enforcement investigations or prosecutions.

    f.  Exemption (7)(F). Could reasonably be expected to endanger the life or physical safety of any individual.

8.  Exemption 8: Information that concerns the supervision of financial institutions.

9.  Exemption 9: Geological information on wells.

Multiple FOIA exemptions may apply to the same information (for example, a draft document compiled for law enforcement purposes whose release would reasonably be expected to interfere with enforcement proceedings could be withheld under Exemption 5 and Exemption 7(A)).

### 507.3.3.7    FOIA Exclusions
Effective Date: 07/30/2019

The FOIA contains three special protection provisions that expressly authorize federal law enforcement agencies, for especially sensitive records under certain specified circumstances, to treat the records as not subject to the FOIA. M/MS/IRD or the OIG may not be required to confirm the existence of these categories of records. If these records are requested, M/MS/IRD or the OIG may respond that there are no records responsive to the request. The exclusions are only applicable to information that is exempt from disclosure as outlined below.

1. Exclusion 1. The first exclusion may be used when a request seeks information described in the FOIA, subsection (b)(7)(A), and meets the following requirements:

   a. The investigation in question must involve a possible violation of criminal law.

   b. There must be reason to believe that the subject of the investigation is not already aware that the investigation is underway.

   c. Disclosure of the existence of the records could reasonably be expected to interfere with enforcement proceedings.

USAID and OIG may respond to a FOIA request for investigatory records if the records are not subject to the requirements of the FOIA when all of these conditions exist. In other words, the response does not have to reveal that it is conducting an investigation.

2. Exclusion 2. Informant records maintained by USAID and OIG criminal law enforcement filed under the informant's name or personal identifier are covered by Exclusion 2. USAID and OIG are not required to confirm the existence of these records unless the informant's status has been officially confirmed. This exclusion helps agencies protect the identity of confidential informants.

3. Exclusion 3. The third exclusion only applies to records maintained by the Federal Bureau of Investigation, which pertain to foreign intelligence, counterintelligence, or international terrorism.

## 507.3.4    Procedures for Responding to a FOIA Request

## 507.3.4.1    Responses to a FOIA Request
Effective Date: 07/30/2019

M/MS/IRD and the OIG will, to the extent practicable, communicate with requesters, who have access to the internet, using electronic means, such as email or web portal.

**Acknowledgments of requests.** M/MS/IRD and the OIG are required to acknowledge the request and assign it an individualized tracking number.  M/MS/IRD and the OIG will include in the acknowledgment a brief description of the records sought to allow requesters to easily keep track of their requests. When requested, M/MS/IRD and the OIG will provide the requester with the progress of the search for responsive records.

**Grants of requests.** Once M/MS/IRD or the OIG makes a determination to grant a request in full or in part, it must notify the requester in writing. M/MS/IRD or the OIG also must inform the requester of any fees charged and will disclose the requested records to the requester promptly upon payment of any applicable fees.

**Adverse determinations of requests.** If M/MS/IRD or the OIG has made an adverse determination denying a request in any respect, M/MS/IRD or the OIG, respectively,

must notify the requester of that determination in writing, and provide the contact information for the FOIA Public Liaison, as well as a description of the requester's right to seek mediation services from NARA/OGIS. Adverse determinations, or denials of requests, include decisions that:

- The requested record is exempt, in whole or in part;

- The request does not reasonably describe the records sought;

- The information requested is not a record subject to the FOIA;

- The requested record does not exist, cannot be located, or has been destroyed; or

- The requested record is not readily reproducible in the form or format sought by the requester.

A response will provide an estimate of the volume of any records or any information withheld. Adverse determinations also include denials involving fees or fee waiver matters or denials of requests for expedited processing.

**Information furnished.** The Division Chief, M/MS/IRD, or the Division Chief's designee, and the General Counsel for the OIG, or the General Counsel's designee, must make the original determination to release or deny access to a record, in whole or in part. All denials must be in writing and describe, in general terms, the material withheld; state the reasons for the denial, including, as applicable, a reference to the specific exemption of the FOIA authorizing the withholding; explain the rights to appeal the decision and identify the official to whom to send the appeal; and are signed by the person who made the decision to deny all or part of the request. Records disclosed in part must be marked clearly to show the amount of information deleted and the exemption under which the deletion was made unless doing so would harm an interest protected by an applicable exemption. The location of the information deleted must also be indicated on the record, if technically feasible.

### 507.3.4.2    Timing of Responses to Requests
Effective Date: 07/30/2019

**a. Multitrack processing.**

1. Multitrack processing is a system that divides incoming FOIA requests according to the estimated amount of work or time needed to process the request.

2. USAID and OIG have three (3) processing tracks: simple, complex, and expedited.

3. M/MS/IRD and the OIG may consider the following factors when assigning processing tracks: the number of pages involved in processing the request and the need for consultations or referrals. M/MS/IRD and the OIG are required to advise requesters of the track which their request falls and, when appropriate, offer the requesters an opportunity to narrow their request so that it can be placed in a different processing track.

4. Requests that have been granted expedited processing move up in priority of processing.  Requests and appeals must be processed on an expedited basis whenever it is determined that they involve:

- Circumstances in which the lack of expedited processing could reasonably be expected to pose an imminent threat to the life or physical safety of an individual;

- An urgency to inform the public about an actual or alleged Federal Government activity, if made by a person who is primarily engaged in disseminating information;

- The loss of substantial due process rights as codified in **5 U.S.C. § 552**; or

- A matter of widespread and exceptional media interest in which possible questions about the government's integrity that affect public confidence exists.

  A requester who seeks expedited processing must submit a statement, certified to be true and correct, explaining in detail the basis for making the request for expedited processing. For example, a requester who is not a full-time member of the news media must establish that the requester is a person whose primary activity or occupation is information dissemination, though it need not be the requester's sole occupation. Such a requester must also establish a particular urgency to inform the public about the government activity involved in the request—one that extends beyond the public's right to know about government activity generally. The existence of numerous articles published on a given subject can be helpful in establishing the requirement that there be an "urgency to inform" the public on the topic. As a matter of administrative discretion, M/MS/IRD or the OIG may waive the formal certification requirement.

  M/MS/IRD and the OIG must notify the requester within ten calendar days after the receipt of a request for expedited processing of its decision whether to grant or deny expedited processing. If expedited processing is granted, the request will be given priority, placed in the processing track for expedited requests, and must be processed as

soon as practicable. If a request for expedited processing is denied, any appeal of that decision must be acted on expeditiously.

**5.** M/MS/IRD and the OIG will generally process requests in each track on a "first-in, first-out" basis.

**b. Unusual circumstances.** Whenever the statutory time limit for processing a request cannot be met because of "unusual circumstances," as defined in the FOIA, and M/MS/IRD or the OIG extends the time limit on that basis, M/MS/IRD or the OIG must, before expiration of the 20-day period to respond, notify the requester in writing of the unusual circumstances involved and of the date by which processing of the request can be expected to be completed. Where the extension exceeds ten working days, M/MS/IRD and the OIG must, in the written notice, notify the requester of the right to contact the Agency's FOIA Public Liaison, or seek dispute resolution services from NARA/OGIS. In addition, M/MS/IRD and the OIG will, as described by the FOIA, provide the requester with an opportunity to modify the request or arrange an alternative time period for processing.

**c. Exceptional Circumstances.** If a court determines that "exceptional circumstances exist," M/MS/IRD or the OIG's failure to comply with a time limit will
be excused for the length of time provided by the court order.

**d. Aggregating requests.** For the purposes of satisfying unusual circumstances under the FOIA, M/MS/IRD or the OIG may aggregate requests in cases where it reasonably appears that multiple requests, submitted either by a requester or by a group of requesters acting in concert, constitute a single request that would otherwise involve unusual circumstances. M/MS/IRD and the OIG must not aggregate multiple requests that involve unrelated matters.

**e. Tasking for Records.**  Each B/IO/M will receive five (5) days to respond to a FOIA request for records.  If more time is required to conduct the search and to review the records and provide release recommendations, the FLO should request more time of the assigned FOIA Specialist.

### 507.3.4.3    Consultations and Referrals
Effective Date: 07/30/2019

If M/MS/IRD or the OIG determines that records retrieved as responsive to the request were created by another agency, it ordinarily will refer the records to the originating agency for direct response to the requester. If M/MS/IRD or the OIG determines that records retrieved as responsive to the request are of interest to another agency, they may consult with the other agency before responding to the request. M/MS/IRD or the OIG may make agreements with other agencies to eliminate the need for consultations or referrals for particular types of records.

Whenever M/MS/IRD or the OIG consults with another Federal Government office over the ability to release a record, M/MS/IRD or the OIG must notify the requester of the consultation and inform the requester of the name(s) of the agency or office with which the consultation is taking place. Whenever M/MS/IRD or the OIG refers any part of the responsibility for responding to a request to another Federal Government office, M/MS/IRD or the OIG must document the referral, maintain a copy of the record that it refers, notify the requester of the referral, and inform the requester of the name(s) of the agency to which the record was referred, including that agency's FOIA contact information.

### 507.3.5    FOIA Appeals, Mediation, and Litigation

**507.3.5.1    FOIA Appeals**
Effective Date: 11/05/2020

Whenever a FOIA request is denied, M/MS/IRD or the OIG must inform the requester of the reasons for the denial and the requester's right to appeal the denial to the FOIA Appeals Officer.

    **a.  When an appeal is required.** A requester generally must first submit a timely administrative appeal before seeking review by a court of the adverse determination of M/MS/IRD or the OIG.

    **b.  What a requester can appeal.** A requester may appeal the withholding of a document or denial of fee waiver or expedited processing requests. A requester may contest the type or amount of fees that were charged, or may appeal any other type of adverse determination under the FOIA. A requester may also appeal because USAID or OIG failed to conduct an adequate search for the documents requested. However, a requester may not file an administrative appeal for the lack of a timely response. A requester may administratively appeal any portion denied when their request is granted in part and denied in part.

    **c.  Requirements for making an appeal.** A requester may appeal any adverse determinations to USAID and OIG. The requester must make the appeal in writing. To be considered timely, the appeal must be postmarked, or in the case of electronic submissions, transmitted, within 90 calendar days after the date of the response. The appeal should clearly identify the determination of M/MS/IRD or the OIG that is being appealed and the assigned request number. To facilitate handling, the requester should mark both the appeal letter and envelope, or subject line of the electronic transmission, "Freedom of Information Act Appeal."

    **d.  Where appeals are filed.**

        **1.  For M/MS/IRD**: An appeal is filed by letter to: FOIA Appeals Officer, Deputy Director, Office of Management Services, Bureau for Management, Room 2.12-010, Ronald Reagan Building, U.S. Agency for International Development, Washington, D.C. 20523-4601. An appeal may

also be faxed to: (202) 216-3369. There is no charge for filing an administrative appeal.

**2.  For the OIG**: An appeal is filed by letter to: Deputy Inspector General, Office of the Inspector General, Suite 6.06-D, Ronald Reagan Building, U.S. Agency for International Development, 1300 Pennsylvania Avenue, N.W., Washington, D.C. 20523-4601.  There is no charge for filing an administrative appeal.

**e.  Adjudication of appeals.**

**1.**  The Deputy Director of M/MS or designee, and the Deputy Inspector General, OIG, or designee, respectively, will conduct a de novo review and make the final determination on the appeals.

**2.**  An appeal ordinarily will not be adjudicated if the request becomes a matter of FOIA litigation.

**3.**  Decisions on appeals. A decision on an appeal must be made in writing. A decision that upholds the determination of M/MS/IRD or the OIG will contain a statement that identifies the reasons for the affirmance, including any FOIA exemptions applied. The decision will provide the requester with notification of the statutory right to file a lawsuit and will inform the requester of the mediation services offered by the Office of Government Information Services (OGIS) of the National Archives and Records Administration as a non-exclusive alternative to litigation. Mediation is a voluntary process. If USAID or OIG agree to participate in the mediation services provided by OGIS, it will actively engage as a partner to the process in an attempt to resolve the dispute. If the decision by M/MS/IRD or the OIG affirmed, partially affirmed, partially reversed, or completely reversed on appeal, the requester will be notified of that determination in writing.  M/MS/IRD or the OIG will thereafter further process the request in accordance with that appeal determination and respond directly to the requester.

### 507.3.5.2    FOIA Litigation
Effective Date: 08/16/2018

In the event that a FOIA lawsuit is filed against USAID or OIG, the individual or individuals who conducted the search for records may be required to sign an affidavit describing and confirming their search efforts. A FOIA lawsuit may be filed for reasons such as 1) adequacy of search; 2) application of exemptions; and/or 3) failure to comply with FOIA's time limit.

The individual or individuals who conducted the search for records may be required to prepare a Vaughn Index in anticipation of litigation. A Vaughn Index is an itemized index prepared by the Agency correlating each withholding with a specific FOIA exemption and a justification for that withholding. A Vaughn Index must: 1) identify each document

withheld; 2) state the statutory exemption claimed; and 3) explain how disclosure would damage the interests protected by the claimed exemption.

### 507.3.5.3    Mediation and Dispute Services
Effective Date: 07/30/2019

The Office of Government Information Services of the National Archives and Records Administration is a Freedom of Information Act (FOIA) resource for the public and the government. Congress has charged OGIS with reviewing FOIA policies, procedures, and compliance of federal agencies and recommending changes to the FOIA. OGIS' mission also includes providing dispute resolution services between federal agencies and requesters. OGIS works as a non-exclusive alternative to litigation.

When M/MS/IRD and the OIG make a determination on a request, the Agency must offer the services of the FOIA Public Liaison, and will notify requesters of the mediation services provided by OGIS. Specifically, M/MS/IRD and the OIG will include in the Agency's notification to the requester:

1.  The right of the requester to seek assistance from the respective FOIA Public Liaison, and in the case of an adverse determination; and

2.  The right of the requester to seek dispute resolution services from the respective FOIA Public Liaison or the Office of Government Information Services.

### 507.3.6    Records Requested Under the Privacy Act
Effective Date: 08/16/2018

The procedures for filing a Privacy Act request for personal records maintained by USAID and OIG are the same as those described under section **507.3.2** (*Requesting Records under the FOIA*) in this ADS chapter with the following exceptions:

a.  Requesters must be a citizen of the United States or an alien lawfully admitted for permanent residence to make a request under the Privacy Act.

b.  The Privacy Act pertains to records only if those records are within a system of records maintained by USAID or OIG that are retrieved by an individual's name or personal identifier.

c.  Records retrieved in the processing of a request made under the Privacy Act will be processed under both the Privacy Act and the FOIA to ensure the greatest possible disclosure of those records.

d.  No fees will be charged for access to, or amendment of, records processed under the Privacy Act.

e.  All requests for access to a record must reasonably describe the system of records and the individual's record within the system in sufficient detail to permit identification of the requested record.

See **ADS 508, Privacy Program** for guidance on Individual Participation and Redress.

### 507.3.6.1    Establishing Proof of Identity and Right to Access
Effective Date: 08/16/2018

Requesters must show proof of identity and demonstrate their right to access information to receive copies of documents protected under the Privacy Act. This requirement may be met by:

**a.** Signing a FOIA request (stamped or digital signatures are unacceptable for the purpose of establishing identity), including an address in the request, and attaching a copy of one form of identification bearing a signature (such as a driver's license); or

**b.** Presenting a notarized statement swearing to or affirming the requester's identity; or

**c.** Presenting a sworn statement as to the requester's identity, under penalty of perjury (requesters may include in your FOIA request "I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. Executed on [date]. I am [your name] and I am requesting…."); or

**d.** Providing an official document showing proof of entitlement as the sole proprietor, member of partnership, corporate officer, shareholder, etc., if requesting the records of a business; or

**e.** For records of a deceased individual, requesters must provide proof that the individual is deceased (e.g., a copy of a death certificate or an obituary).

### 507.3.7    Fees
Effective Date: 07/30/2019

M/MS/IRD and the OIG will charge for processing requests under the FOIA in accordance with the provisions of this section and with the Office of Management and Budget (OMB) Guidelines. In order to resolve any fee issues that arise under this section, M/MS/IRD and the OIG may contact a requester for additional information. M/MS/IRD and the OIG must ensure that search, review, and duplication are conducted in the most efficient and the least expensive manner. M/MS/IRD and the OIG ordinarily will collect all applicable fees before sending copies of records to a requester. Requesters must pay fees by check or money order made payable to the Treasury of the United States. **ADS 625, Accounting Receivable and Debt Collection** procedures apply.

For purposes of this section:

**1.** In response to a FOIA request, fees can be collected for review, search, and duplication.

a. **Review** is the examination of a record in response to a request in order to determine whether any portion of it is exempt from disclosure. Review time includes processing any record for disclosure, such as doing all that is necessary to prepare the record for disclosure, including the process of redacting the record and marking the appropriate exemptions. Review costs are properly charged even if a record ultimately is not disclosed. Review time also includes time spent both obtaining and considering any formal objection to disclosure made by a confidential commercial information submitter, but it does not include time spent resolving general legal or policy issues regarding the application of exemptions.

b. **Search** is the process of looking for and retrieving records or information responsive to a request. Search time includes page-by-page or line-by-line identification of information within records and the reasonable efforts expended to locate and retrieve information from electronic records.

c. **Duplication** is reproducing a copy of a record, or of the information contained in it, necessary to respond to a FOIA request. Copies can take the form of paper, audiovisual materials, or electronic records, among others.

2. Direct costs are those expenses that the Agency or OIG incurs in searching for and duplicating (and, in the case of commercial use requests, reviewing) records in order to respond to a FOIA request. Direct costs do not include overhead expenses such as the costs of space, and heating or lighting a facility.

3. Fee waiver is a waiver or reduction of processing fees if a requester can demonstrate that certain statutory standards are satisfied, including that the information is in the public interest and is not requested for a commercial interest.

4. Requester category is one of the five categories that agencies place requesters in for the purpose of determining whether a requester will be charged fees for search, review, and duplication. The five categories are: 1) commercial requesters; 2) non-commercial scientific institutions; 3) educational institutions; 4) news media requesters; and 5) all other requesters.

- **Commercial-use Requester** asks for information to further a commercial, trade, or profit interest, which can include furthering those interests through litigation. M/MS/IRD or the OIG will make a decision to place a requester in the commercial use category on a case-by-case basis, based on the requester's intended use of the information.

- **Non-commercial Scientific Institution Requester** seeks information on behalf of an institution that is not operated on a "commercial" basis; rather, it is operated solely for the purpose of conducting scientific research, the results of which are not intended to promote any particular product or industry. A requester in this category must show that the request is

authorized by, and is made under, the auspices of a qualifying institution and that the records are sought to further scientific research and are not for a commercial use.

● **Educational Institution Requester** seeks information on behalf of any school that operates a program of scholarly research. A requester in this fee category must show that the request is made in connection with his or her role at the educational institution. Agencies may seek verification from the requester that the request is in furtherance of scholarly research.

● **Representative of the News Media Requester** is any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience. The term "news" means information that is about current events or that would be of current interest to the public. Examples of news media entities include television or radio stations that broadcast "news" to the public at large and publishers of periodicals that disseminate "news" and make their products available through a variety of means to the general public, including news organizations that disseminate solely on the Internet. A request for records supporting the news-dissemination function of the requester will not be considered to be for a commercial use. "Freelance" journalists who demonstrate a solid basis for expecting publication through a news media entity will be considered as a representative of the news media. This can also include bloggers.

a. **Charging fees**. In responding to FOIA requests, M/MS/IRD and the OIG will charge the following fees unless a waiver or reduction of fees has been granted.

1. **Search**. Requests made by educational institutions, non-commercial scientific institutions, or representatives of the news media are not subject to search fees. Search fees will be charged for all other requesters, subject to the restrictions of paragraph (b) of this section. M/MS/IRD and the OIG may properly charge for time spent searching even if they do not locate any responsive records or if they determine that the records are entirely exempt from disclosure.

2. **Duplication**. Duplication fees will be charged to all requesters, subject to the restrictions of paragraph (b) of this section. M/MS/IRD and the OIG will honor a requester's preference for receiving a record in a particular form or format where it is readily reproducible by the Agency in the form or format requested. Where photocopies are supplied, M/MS/IRD and the OIG will provide one copy per request at a cost of 10 cents per page. For copies of records produced on tapes, disks, or other

media, the direct costs of producing the copy, including operator time will be charged. Where paper documents must be scanned in order to comply with a requester's preference to receive the records in an electronic format, the requester must pay the direct costs associated with scanning those materials. For other forms of duplication, M/MS/IRD and the OIG will charge the direct costs.

3. **Review**. Review fees will be charged to requesters who make commercial use requests. Review fees will be assessed in connection with the initial review of the record, i.e., the review conducted by the Agency to determine whether an exemption applies to a particular record or portion of a record. No charge will be made for review at the administrative appeal stage of exemptions applied at the initial review stage. However, if a particular exemption is deemed to no longer apply, any costs associated with the Agency re-review of the records in order to consider the use of other exemptions may be assessed as review fees.

b. Limits on charging fees.

1. When M/MS/IRD or the OIG determines that unusual circumstances apply to the processing of a request, and M/MS/IRD or the OIG has provided timely written notice to the requester, the delay is excused for an additional 10 days. If M/MS/IRD or the OIG fails to comply with the extended time limit, it may not charge search fees (or for requesters with preferred fee status, may not charge duplication fees).

2. If unusual circumstances apply and "more than 5,000 pages are necessary to respond to the request," M/MS/IRD or the OIG may charge search fees (or, for requesters in preferred fee status, may charge duplication fees) if timely written notice has been made to the requester and M/MS/IRD or the OIG has discussed with the requester via written mail, electronic mail, or telephone (or made not less than three good-faith attempts to do so) how the requester could effectively limit the scope of the request.

## 507.3.7.1    Fee Waivers
Effective Date: 08/16/2018

The FOIA permits agencies to furnish documents without charge or at a reduced rate if it is determined that disclosure is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester.

### 507.3.7.2    Fees Charged
Effective Date: 08/16/2018

**a.** The following specific fees are charged for services rendered:

   **1. Commercial Use:**

   Search: $40.00 per hour
   Review: $55.00 per hour
   Duplication: 10¢ per page

   **2.** Educational & Non-Commercial Scientific Institutions

   Search: No fee
   Review: No fee
   Duplication: 10¢ per page after the first 100 pages

   **3.** Representatives of the News Media

   Search: No fee
   Review: No fee
   Duplication: 10¢ per page after the first 100 pages

   **4.** All Others

   Search: $40.00 per hour. The first two hours will be furnished without charge.
   Review: No fee
   Duplication: 10¢ per page after the first 100 pages

**b.** If copies of records are provided in other than paper format (such as on microfilm, video tape, or as electronic data files), or other than first-class mail is requested or required, the requester is charged the actual cost of providing these additional services.

### 507.3.8    FOIA Reports
Effective Date: 07/30/2019

The OIG will provide USAID the requisite data to include in the FOIA reports described below.

### 507.3.8.1    Quarterly Report
Effective Date: 08/16/2018

Agencies are required to provide quarterly reporting of four key FOIA statistics to the Department of Justice that will be posted on FOIA.gov (see **Department of Justice Agency Quarterly FOIA Reporting**). The four key statistics are:

1. The number of requests received during the reporting period;

2. The number of requests processed during the reporting period;

3. The number of requests in an agency's backlog at the end of the reporting period; and

4. The progress being made to close the agency's 10 overall oldest pending FOIA requests from the previous Fiscal Year.

### 507.3.8.2     Annual Report
Effective Date: 08/16/2018

The FOIA requires each Federal Department and Agency to submit an Annual Report to the Attorney General each year. These reports contain detailed statistics on the number of requests received and processed by each Department and Agency, the time taken to respond, the outcome of each request, as well as many other vital statistics regarding the administration of the FOIA at Federal Departments and Agencies.

### 507.3.8.3     Chief FOIA Officer's Report
Effective Date: 08/16/2018

The **FOIA Guidelines** published by the U.S. Department of Justice (DOJ) in 2009 require the Chief FOIA Officer for each Federal Department and Agency to submit a report to the Attorney General that contains a detailed description of the steps taken by the Department or Agency to improve its transparency and compliance with the FOIA. These reports contain details of FOIA administration at each Department and Agency, as well as the steps taken to implement former DOJ FOIA Guidelines during each reporting year.

### 507.4     MANDATORY REFERENCES

### 507.4.1     External Mandatory References
Effective Date: 08/16/2018

a.  **Department of Justice FOIA Guidelines (2009)**

b.  **Electronic-Freedom of Information Act (E-FOIA) (1996)**

c.  **EO 13392 - Improving Agency Disclosure of Information (2005)**

d.  **FOIA Improvement Act (2016)**

e.  **Freedom of Information Act (FOIA), 5 U.S.C. § 552**

f.  **OPEN Government Act (2007)**

**g.** **President Obama FOIA Memorandum (2009)**

**h.** **USAID FOIA Regulations, 22 C.F.R. § 212**

**i.** **Department of Justice Agency Quarterly FOIA Reporting**

**507.4.2** **Internal Mandatory References**
Effective Date: 08/16/2018

**a.** **ADS 502, The USAID Records Management Program**

**b.** **ADS 508, Privacy Program**

**c.** **ADS 625, Accounts Receivable and Debt Collection**

**507.4.3** **Mandatory Forms**
Effective Date: 07/30/2019

**a.** **Form AID 507-1, Certification of Identity**

**b.** **Form AID 507-2, Freedom of Information Act (FOIA) Action Form (USAID)**

**c.** **Freedom of Information Act (FOIA) Action Form (OIG)**

**507.5** **ADDITIONAL HELP**
Effective Date: 08/16/2018

**a.** **Department of Justice OIP Web site**

**b.** **FOIA Exemptions**

**c.** **FOIA.gov**

**d.** **USAID FOIA Web site**

**507.6** **DEFINITIONS**
Effective Date: 07/30/2019

See the **ADS Glossary** for all ADS terms and definitions.

**Administrative FOIA Appeal**
An independent review of the initial determination made in response to a FOIA request. Requesters who are dissatisfied with the response made on their initial request have a statutory right to appeal that initial determination to an office within the Agency which will then conduct an independent review. (**Chapter 507**)

**affidavit**

A written statement confirmed by oath or affirmation, for use as evidence in court. (**Chapter 507**)

**Annual FOIA Report**
A report required to be filed each year with the Department of Justice by all federal agencies detailing the agency's administration of the FOIA. Annual FOIA Reports contain detailed statistics on the number of FOIA requests and appeals received, processed, and pending at each agency. (**Chapter 507**)

**backlog**
The number of requests or administrative appeals that are pending beyond the statutory time period for a response. (**Chapter 507**)

**business submitter**
Any person or entity, including a corporation, state, or foreign government, but not including another Federal Government entity, that provides information, either directly or indirectly to the Federal Government. (**Chapter 507**)

**Certification of Identity**
To ensure that one person's records are not inadvertently disclosed to another person, individuals requesting records on themselves are asked to certify their identity by signing a sworn statement certifying that they are who they say they are. (**Chapter 507**)

**Chief FOIA Officer**
A designated high-level official within each agency who has overall responsibility for the agency's compliance with the FOIA. (**Chapter 507**)

**Chief FOIA Officer Report**
A report required to be filed with the Department of Justice which details each agency's progress in improving transparency and compliance with the FOIA. (**Chapter 507**)

**commercial request**
A request that asks for information for a use or a purpose that furthers a commercial, trade, or profit interest, which can include furthering those interests through litigation. A component's decision to place a requester in the commercial use category will be made on a case-by-case basis based on the requester's intended use of the information. (**Chapter 507**)

**complex request**
Complex requests typically seek a high volume of material or require additional steps to process such as the need to search for records in multiple locations. (**Chapter 507**)

**consultation**
When an agency locates a record that contains information of interest to another agency, it will ask for the views of that other agency on the ability to disclose the records before any final determination is made. This process is called a "consultation." (**Chapter 507**)

**direct costs**
Those expenses that an agency incurs in searching for and duplicating (and, in the case of commercial use requests, reviewing) records in order to respond to a FOIA request. Direct costs do not include overhead expenses such as the costs of space, and of heating or lighting a facility. (**Chapter 507**)

**discretionary disclosure**
Information that the Agency releases even though it could have been withheld under one of the FOIA's exemptions. The Department of Justice's 2009 FOIA Guidelines encourage agencies to release information as a matter of discretion when there is no foreseeable harm in disclosure. (**Chapter 507**)

**discrimination**
Discrimination in marine insurance exists when a cooperating country takes actions which hinder private importers in USAID transactions from making cost, insurance, and freight (c.i.f.) and cost and insurance (c. and i.) contracts with U.S. commodity suppliers, or actions which hinder importers in instructing such suppliers to place marine insurance with companies authorized to do business in the United States.  Discrimination does not exist in either of the following situations: when a cooperating country, when importing for itself, elects not to use USAID dollars for marine insurance but instead follows a policy of self-insurance or insures with non-USAID funds; or when a cooperating country insures public sector procurements locally with a government-owned insurance company.  (**Chapter 322**)

**duplication**
The reproducing of a copy of a record, or of the information contained in it, necessary to respond to a FOIA request. Copies can take the form of paper, audiovisual materials, or electronic records, among others. (**Chapter 507**)

**exemptions**
Congress established nine categories of information that are not required to be released in response to a FOIA request because release would be harmful to a government or private interest. These categories are called "exemptions" from disclosures. (**Chapter 507**)

**expedited processing**
FOIA requesters can ask that their request be processed ahead of other pending requests. This is called expedited processing. A requester must show an exceptional need or urgency for the records which warrant prioritization of his or her request over other requests that were made earlier. (**Chapter 507**)

**fee waiver**
Under the FOIA, fee waivers are limited to situations in which a requester can show that the disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the government and is not primarily in the commercial interest of the requester. A

requester's inability to pay fees (indigence) is not a legal basis for granting a fee waiver. (**Chapter 507**)

**FOIA**
Since 1966, the Freedom of Information Act (FOIA) has provided the public the right to request access to records from any federal agency. It is often described as the law that keeps citizens in the know about their government. Federal agencies are required to disclose any information requested under the FOIA unless it falls under one of nine exemptions which protect interests such as personal privacy, national security, and law enforcement. (**Chapter 507**)

**FOIA Public Liaison**
The agency FOIA Public Liaison serves as a supervisory official to whom a requester can raise concerns about services received by the FOIA Requester Service Center staff. The FOIA Public Liaison is responsible for reducing delays, increasing transparency and understanding of the status of requests, and assisting in the resolution of disputes. (**Chapter 507**)

**FOIA Team Lead**
The agency FOIA Team Lead is the Principal Operations Officer within USAID for the processing of FOIA requests and release determinations. (**Chapter 507**)

**full denial**
When an agency cannot release any records in response to a FOIA request, because, for example, the requested information is exempt from disclosure in its entirety or no records responsive to the request could be located. (**Chapter 507**)

**full grant**
When an agency is able to disclose all records in full in response to a FOIA request. (**Chapter 507**)

**multi-track processing**
A system that divides incoming FOIA requests according to their complexity so that simple requests requiring relatively minimal review are placed in one processing track and more complex requests are placed in one or more other tracks. Requests granted expedited processing are placed in yet another track. Requests in each track are ordinarily processed on a first in/first out basis. (**Chapter 507**)

**partial grant/partial denial**
When an agency is able to disclose portions of the records in response to a FOIA request, but must deny other portions of the request. (**Chapter 507**)

**perfected request**
A FOIA request for records which adequately describes the records sought, which has been received by the agency in possession of the records, and for which there is no remaining question about the payment of applicable fees. (**Chapter 507**)

**proactive disclosure**
Records released by an agency without waiting for a FOIA request. (**Chapter 507**)

**processed request**
A request or appeal for which an agency has taken a final action. (**Chapter 507**)

**record**
Pursuant to the FOIA, a record is any information that the Agency has created or obtained, and that is in the Agency's possession and control at the time of the FOIA request. (**Chapter 507**)

**referral**
When an agency locates a record that originated with, or is of otherwise primary interest to another agency, it will forward that record to the other agency to process the record and to provide the final determination directly to the Requester. This process is called a "referral." (**Chapter 507**)

**search**
Review, manually or by automated means, agency records for the purpose of locating those records which are responsive to a FOIA request. (**Chapter 507**)

**segregable portions**
Select segments of records that can be set apart from the group of records that are exempt, and released to the public. The requirement to provide FOIA requesters with any reasonably segregable, non-exempt portions of the records that are responsive to FOIA requests is a fundamental tenant of the Act. (**Chapter 507**)

**simple request**
A FOIA request that an agency anticipates will involve a small volume of material or limited coordination, which M/MS/IRD and the OIG will be able to process relatively quickly. (**Chapter 507**)

**Vaughn Index**
Itemized index, correlating each withheld document (or portion) with a specific FOIA exemption(s) and the relevant part of the agency's nondisclosure justification. The index may contain such information as: date of document; originator; subject/title of document; total number of pages reviewed; number of pages of reasonably segregable information released; number of pages denied; exemption(s) claimed; justification for withholding; etc. FOIA requesters are not entitled to a Vaughn index during the administrative process. (**Chapter 507**)

507_110520